H. TIM HOFFMAN (049141)
ARTHUR W. LAZEAR (083603)
MORGAN M. MACK (212659)
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612

MAX FOLKENFLIK, ESQ.
MARGARET McGERITY, ESQ.
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone: (212) 757-0400
Facsimile: (212) 757-2010

Attorneys for Plaintiff
Sydney Leung

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYDNEY LEUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE COMPUTER, INC., AT&T CORP., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C 07 4143 SBA<br><br><u>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION</u><br><br>[JURY TRIAL DEMANDED] |

## INTRODUCTION

1. This action arises out of Defendants' pattern and practice of failing to inform a nationwide group of initial purchasers of the iPhone cellular telephone that annual fees of over $100 would be required to replace the iPhone battery and maintain service while the battery was being replaced. Plaintiff seeks the following for himself and others similarly situated: an award of actual, compensatory and punitive damages; attorneys fees and costs; equitable relief; and other forms of

relief available under California and federal law.

2. Defendant's actions are in violation of California Business and Professions Code §§ 17200 et seq., and various sections of similar consumer protection statutes in the other states and territories of the Untied States. Defendant's actions also breach explicit and implied contracts between Defendant and Plaintiff as well as explicit and implied contracts between Defendant and members of the purported class.

## PARTIES

3. Plaintiff SYDNEY LEUNG is an individual residing in the State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendant APPLE COMPUTER, INC. (hereinafter "Apple") is a consumer electronics and software company doing business in this judicial district, elsewhere in California and the United States. Plaintiff is informed and believes and thereon alleges that Defendant AT&T CORP. (hereinafter "AT&T") is a telecommunications company doing business in this judicial district, elsewhere in California and the United States.

5. The term "plaintiff(s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiff in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and includes any plaintiff hereafter added by amendment, joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiff individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

6. The term "defendant(s)" as used in this complaint means and includes all persons and entities listed and named as a defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

7. Plaintiff is informed and believes and thereon alleges that Defendant Apple sells consumer electronics, including products throughout California and the United States. Plaintiff is informed and believes and thereon alleges that Defendant AT&T provides cellular

telecommunication services, including services sold and used throughout California and the United States. Defendants sold the iPhone cellular telephone without disclosing that annual fees of over $100 would be required to replace the iPhone battery and maintain service while the battery was being replaced.

JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because diversity of citizenship exists between parties in this action, the aggregate amount in controversy exceeds $5,000,000, and there are 100 or more members of the proposed plaintiff class.

19. Venue is proper in this District pursuant to 28 U.S.C. §1391. Plaintiff purchased the iPhone in the Northern District of California. Defendants advertised in this District and made material omissions and misrepresentations and breaches of warranties in this District.

20. Assignment to the San Francisco division is proper because the iPhones were purchased in the city and county of San Francisco.

FACTUAL BACKGROUND

21. The iPhone is a multimedia and internet-enabled mobile phone designed and sold by Defendant Apple.

22. The iPhone was first sold on June 29, 2007 from Apple's retail stores, Apple's online store, and from AT&T for a price of $499 for a 4 GB model and $599 for a 8 GB model.

23. Apple announced in their 2007 Q3 sales report and conference call that they sold 270,000 iPhones in the first 30 hours on launch weekend. Estimates for the first week of sales have exceeded 500,000.

24. In addition to selling the iPhone at AT&T retail locations, AT&T sells and exclusively provides mobile phone services to iPhone users.

25. The iPhone contains a battery within the sealed unit. This battery cannot be removed by the consumer.

26. The iPhone battery must be replaced after 300 charges. Estimates for anticipated

battery replacement are one year or less.

27. Apple charges a fee of $79, plus $6.95 shipping and handling to replace the iPhone battery.

28. Apple charges a fee of $29 for use of an "AppleCare Service Phone" during the time it takes Apple to replace the battery of an iPhone.

29. Plaintiff Sydney Leung bought two iPhones for $599 each, plus tax, on June 29, 2007 in San Francisco, California. As a condition of using the iPhone, Plaintiff was obligated to agree to a two-year service plan with AT&T.

30. Plaintiff was not informed at the time of purchase of the costs and procedures of replacing the battery. Neither the box the iPhone was sold in nor the written information within the box explained the costs and procedures required to change the iPhone battery.

31. Despite having knowledge of the time and expense required to change the iPhone battery, Apple and AT&T did not disclose this information to the Plaintiff or the class in the months of promotion leading up to the sale date or at the time of the sale.

## CLASS ACTION ALLEGATIONS

32. Plaintiff's action is brought on behalf of himself and all others similarly situated. The Class that Plaintiff seeks to represent is defined as all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action bought and implemented the iPhone and sustained damages as a result.

33. At this time, the number of individuals in the Plaintiff Class is unknown and can only be ascertained by discovery. However, the number exceeds 100, and the exact number can easily be determined by obtaining account records from Defendants. Plaintiff anticipates that there will be hundreds of thousands of class members.

34. This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4), and the predominance and superiority requirements of Rule 23(b)(3) and the requirements of Rule 23(b)(2).

35. Federal Rule of Civil Procedure 23(a) establishes four threshold requirements for class certification:

1. The class is so numerous that joinder of all members is impracticable;
2. there are questions of law or fact common to the class;
3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4. the representative parties will fairly and adequately protect the interest of the class. FED.R.CIV.P. 23(a).

36. Class certification under Rule 23(b)(2) requires one finding: that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. FED.R.CIV.P. 23(b)(2).

37. Class certification under Rule 23(b)(3) requires two findings: that common questions of law and fact predominate and that a class action is superior to other forms available for fair and efficient adjudication. FED.R.CIV.P. 23(b)(3).

38. The Plaintiff Class satisfies the numerosity standards. The Class is believed to number in the hundreds of thousands of persons. As a result, joinder of all Class members in a single action is impracticable.

39. There are questions of fact and law common to the Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

a) whether, in marketing and selling the iPhone, Defendants failed to disclose the time and expense replacement of the battery would require;

b) whether Defendants falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the cost to replace the iPhone battery, the time required to replace the

iPhone battery, the inconvenience of replacing the iPhone battery, and the convenience of the iPhone;

c) whether Defendants knew or should have known that the time and expense of replacing the iPhone battery would affect initial sales of the iPhone;

d) whether Defendants knowingly omitted, suppressed or concealed material facts about the time and expense of replacing the iPhone battery from the media, the technology community and/or the consuming public;

e) whether Defendants' conduct constituted an unlawful, unfair or fraudulent business act or practice within the meaning of California Business and Professions Code § 17200;

f) whether Defendants' conduct constituted unfair, deceptive, untrue or misleading advertising within the meaning of California Business and Professions Code § 17200;

g) whether the costs and procedures of replacing the iPhone battery violate Defendants' express or implied warranties; and

h) the appropriate measure of damages and other relief.

40. Common questions predominate over individual ones.

41. Plaintiff Leung, as the Class representative, is asserting claims and defenses typical of the rest of the Class.

42. Plaintiff, as Class representative, will fairly and adequately represent the interests of the Class. Mr. Leung has the same causes of action as the other Class members and does not have interests adverse to them. Also, Mr. Leung is committed to vigorously prosecuting this lawsuit and has retained experienced counsel, Hoffman & Lazear and Folkenflik & McGerity, for this purpose.

43. Plaintiff is aware of no difficulty that will be encountered in the management of this litigation that would preclude maintaining this national Class action.

44. The names and addresses of potential Class members can be obtained from

Defendants. Notice can be provided to the members of the Class via-first class mail or otherwise as directed by this Court.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
(Breach of Contract)

45. Plaintiff repeats, realleges and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

46. The contract between Plaintiff and the Class and Defendants contained an implied Duty of Good Faith and Fair Dealing.

47. Defendant breached its contract with Plaintiff and the Class.

48. As a result of the foregoing, Plaintiff and the Class incurred and will incur significant damages based on Defendant's breach of contract in an amount to be proved at trial.

AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
(Violation of Implied Warranty of Merchantability)

49. Plaintiff repeats, realleges and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

50. California Commercial Code §2314 provides in relevant part:

(1) Unless excluded or modified (Section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) Pass without objection in the trade under the contract description; and

(b) In the case of fungible goods, are of fair average quality within the description; and

(c) Are fit for the ordinary purposes for which such goods are used; and

(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) Are adequately contained, packaged, and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.

Cal Com Code § 2314

51. The iPhone was not merchantable as required by law in that it was not adequately labeled and failed to conform to the affirmations of fact of Defendants.

52. As a result of the foregoing, Plaintiff and the Class incurred and will incur significant damages based on Defendant's breach of contract in an amount to be proved at trial.

AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
(Fraudulent Concealment)

53. Plaintiff repeats, realleges and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

54. Defendants concealed material facts as follows:

a) that the iPhone battery could not be replaced by the consumer directly;

b) that replacement of the battery cost $79 plus $6.95 in shipping in handling, plus $29 for a iPhone rental while the battery was being replaced;

c) that replacement of the iPhone battery was a process that took a number of days;

55. Defendants concealed these facts with the intent to defraud and induce Plaintiff and the Plaintiff Class to purchase the iPhone.

56. At the time Plaintiff and the class bought the iPhone, they were unaware of the concealed or suppressed facts and would not have purchased the iPhone if they had been aware of the facts.

57. As a result, of the foregoing Plaintiff and the Class incurred and will incur significant damages based on Defendant's fraudulent concealment in an amount to be proved at trial.

AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT
(Cal. Business and Professions Code § 17200 *et seq.*)

58. Plaintiff repeats, realleges and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

59. As a result of the business practices described above, Plaintiff, on behalf of himself

and others similarly situated, and pursuant to Business and Professions Code §17203 is entitled to an order enjoining such future conduct on the part of Defendant, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest money paid for the purchase of the iPhone or damages as a result of the acts of Defendant, plus interest.

///

AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT
(Accounting)

60. Plaintiff repeats, realleges and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

61. As a result of the aformentioned conduct, Defendants have received money from Plaintiff and the Class, a potion of which is due to Plaintiff and the class as previously alleged.

62. The amount of money due is unknown to Plaintiff and cannot be ascertained without an accounting of the aforementioned transactions.

**WHEREFORE**, Plaintiff and the Class Members pray for an award and judgment against Defendant jointly and severally:

1. On Plaintiff's First through Third Claims for Relief, for an amount to be proven at trial for all direct and consequential damages incurred by the Plaintiff and Class as a result of Defendants' wrongful conduct;
2. On Plaintiff's Fourth Claim for Relief, for restitution of all amounts lost as a result of Defendants' violation of Business and Professions Code § 17200 *et seq.*;
3. On Plaintiff's Fifth Claim for Relief, for an accounting of all improper earnings, as alleged above;
4. For all costs of suit, including reasonable attorneys' fees, and interest;
5. For such other and further relief as this Court deems just.

Dated: August 10, 2007 HOFFMAN & LAZEAR

By: ______________________
H. TIM HOFFMAN
Attorney for Plaintiff